Daniels, J.
While it is true that the applicants as creditors are interested in the proceedings taken by the plaintiffs in the action to settle the affairs of the assignee for the benefit of creditors, it was still not necessary that they should be brought into the action as additional plaintiffs under the authority given for that purpose by section 452 of the Code of Civil Procedure. The action has proceeded to judgment and an accounting has been directed, and liberty secured to the other creditors to present and prove their accounts. To open the case and add the petitioners as plaintiffs in the action would be to complicate and prolong the litigation without securing any adequate benefit. ■ The rights- of all the parties can be as well considered and determined without bringing in additional plaintiffs in the *677 action, as they could be if all the creditors had joined in the action.
In this class of cases the action when brought by one creditor is in reality for the benefit of all as well as himself, and the judgment for the accounting is uniformly required to provide for bringing in all the other creditors and affording them an opportunity to present and prove their demands and participate in the distribution of the estate under the final judgment. And by that judgment all their rights and interests will be declared and protected and a proper allowance made for the costs and disbursements of the plaintiffs in the action. The practice upon this subject was clearly explained in Kerr v. Blodgett (48 N. Y., 62, 67), and by following it every possible chance of injustice to either of the creditors will be excluded.
It is true that the judgment in this action by its language imposed conditions upon the creditors wdiich the practice required to be followed, does not sanction. But as they were not parties in fact to the judgment, at the time when it was directed, they cannot be bound by these directions. The plaintiffs had no authority for imposing upon other creditors the payment of any part of the costs or disbursements in the action, as a condition to their right to appear and present and prove their claims. The action could not be carried to a successful determination without affording the other creditors full liberty to present and prove their claims, without subjecting them to the payment of any costs or disbursements whatever. It was the purpose of the litigation, to bring in all these parties and to afford them an opportunity to be heard in support of their claims before a final judgment can regularly be reached, and that the law, notwithstanding the form in which the judgment has been entered, must secure to each of the creditors. If either should be excluded from the right to present and prove his demand without first paying a portion of the plaintiff’s costs, no final judgment in the action could be recovered until the erroneous direction excluding the party for that reason should be corrected. As the case has been presented, this right of the creditors to prove their claims, without being restricted as to the terms on which they may come into the case, should be and has been declared by the court. It will expedite the litigation and prevent embarrassment in finally closing up the estate, and in the end whatever costs the plaintiffs may be entitled to will be provided for out of the fund benefited and distributed by the proceeding.
The order as it was made was accordingly right and it should be affirmed, but without costs.
Brady and Davis, JJ., concur.